MAYERHOFF, Appellant, vs. ROXY THEATRE CORPORATION, Respondent.

*January 7—February 15, 1946.*

For the appellant there were briefs by *Treis & Corrigan,* attorneys, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan* of counsel, all of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

*George A. Bowman* of Milwaukee, for the respondent.

ROSENBERRY, C. J.   By ch. 399, Laws of 1935, sub. 3, sec. 28, ch. 549, Laws of 1909, as amended by ch. 255, Laws of 1933, was repealed and recreated to read as follows:

"Upon an appeal from a judgment of the civil court to the circuit court, the circuit court may reverse, affirm or modify the judgment, and in case of a reversal or modification the circuit court may enter such judgment as may be proper. *Where, however, by reason of manifest prejudicial error in the trial of the action in the civil court any party thereto has not had a fair trial and where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected, the judgment of the civil court shall be reversed,*

*and the circuit court shall remit the case to the civil court for a new trial or further proceedings."*

It was under this section that the circuit court entered the order reversing and remanding the judgment appealed from. That there is manifest error in the trial in the civil court and an entire failure to comply with the statute in regard to making findings can hardly be questioned. There is a clear dispute in the evidence, and the contention of the appellant that only one inference can be drawn from the facts cannot be sustained. Under these facts it was the duty of the circuit court under the provisions of sub. 3 to remand the case for further hearing. This is not in a technical sense a new trial. The case was remanded to complete the trial. The matter having been remanded to the civil court to enable it to complete the trial, the order is not a final order and for that reason not appealable.

*By the Court.*—The appeal is dismissed.